UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PROGRESSIVE SOUTHEAST, INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:08 CV 433 ) |
| DEDICATED TOO, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

While reviewing the complaint filed in this case, the court noticed several jurisdictional issues that must be addressed. Plaintiff Progressive Southeast Insurance Company, claims this court has subject matter jurisdiction via diversity, as codified by 28 U.S.C. § 1332. (DE # 1-7 at 3.) This court can only exercise this type of jurisdiction in cases where the two parties are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Unfortunately, plaintiff has failed to show that this case meets the requirements of § 1332.

Plaintiff states that it "is a corporation incorporated under the laws of the State of Ohio, and is licensed and authorized to conduct the business of writing insurance policies in the State of Indiana." (DE # 1-7 at 3.) This statement is half-relevant and half not. A corporation, which plaintiff claims to be, can be a citizen in up to two states— the state where it is incorporated (in this case, Ohio) and the state where its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1); *Pastor v. State Farm Mut. Auto. Ins. Co.*,

487 F. 3d 1042, 1047 (7th Cir. 2007) ("a corporation is a citizen of two states (though they may coincide): the state in which the corporation is incorporated and the state in which its principal place of business is located"). As plaintiff's allegations do not identify the state where its principal place of business is located, plaintiff fails to properly establish diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

But that is not the end of the problem. Plaintiff names a litany of defendants, and, horrifically, fails to provide appropriate jurisdictional allegations for *all* of them. First, with regard to defendant Dairyland Insurance Company, plaintiff again only names the state where Dairyland is incorporated (Wisconsin) and not the state where its principal place of business is. (DE # 1-7 at 4.) Bizarrely, plaintiff provides the opposite information for defendant Dedicated Too, Inc., only noting that Dedicated's principal place of business is in Indiana. (*Id.* at 3.) These jurisdictional allegations are incomplete for the same reasons plaintiff's allegations about itself were incomplete. *See Pastor*, 487 F. 3d at 1047 (a corporation is a citizen in the state or states where it is incorporated and has its principal place of business).

Second, for defendants Kevin L. Ballard, Alicia Harris-Ndlaye, Novella C. Harris, Jo Elise Harris, Amerah Dennis-Batchelor, Amira Dennis, JOS (a minor), Brittany L. Williams, and Charlisa C. Dennis, plaintiff makes the mistake of alleging that they are each "a resident of the State of Washington." (DE # 1-7 at 3-4.) Again, unfortunately for plaintiff, residence and citizenship do not mean the same thing, and, in this circuit, allegations of residence are not sufficient to demonstrate that diversity exists. *Camico*

*Mut. Ins. Co. v. Citizens Bank*, 474 F. 3d 989, 992 (7th Cir. 2007). Rather, plaintiff must demonstrate which state the individual defendants are citizens of, which means where they are domiciled. *Dakuras v. Edwards*, 312 F. 3d 256, 258 (7th Cir. 2002) ("[c]itizenship for purposes of . . . diversity jurisdiction is domicile, and domicile is the place one intends to remain"). Thus, plaintiff's jurisdictional allegations in regard to all defendants who are individuals is faulty.

Third and finally, plaintiff makes no jurisdictional allegations whatsoever regarding the citizenship of defendants Health and Recovery Services Administration and State of Washington Department of Labor and Industries Crime Victims Compensation Program. (DE # 1-7 at 4-5.) As both of these organizations are represented by the Washington State Office of the Attorney General (DE # 19; DE # 20.), they both appear to be some type of state entity.[1] This greatly complicates matters, because it "is well established that neither a state nor its alter ego is a 'citizen' for purposes of diversity jurisdiction." *United Pac. Ins. Co. v. Capital Dev. Bd. of State of Ill.*, 482 F. Supp. 541, 542 (N.D. Ill. 1979) (citing cases). "[A] state subdivision or agency is a citizen of its state only when the entity is separate and distinct from the state." 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 102.57[7] (3d. ed. 2008). Thus, in this

---

[1] Plaintiff's action against these two apparent arms of the Washington State government may prove very problematic for his case considering the Eleventh Amendment generally prohibits parties from pursuing lawsuits against states in federal court. *See* U.S. CONST. AMEND. XI. ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.")

case, if the two state entities named by plaintiff are not separate from the State of Washington, but rather its "alter egos," the state itself would be the real party in interest, and there could be no diversity jurisdiction in this case. *See Louisiana v. Union Oil Co. of Cal.*, 458 F. 3d 364, 366 (5th Cir. 2006) (there is no diversity jurisdiction in a case where a state is a party because the state is not a citizen); *Ind. Port Comm'n v. Bethlehem Steel Corp.*, 702 F. 2d 107, 109 (7th Cir. 1983) (diversity jurisdiction only present if state-created entity "is distinct and separate" from the state itself). And, unsurprisingly, plaintiff has completely failed to provide any information enabling this court to determine whether the two state agencies are "alter egos" of Washington State or not. (DE # 1-7 at 4-5); *see JMB Group Trust v. Pa. Mun. Ret. Sys.*, 986 F. Supp. 534, 537-38 (N.D. Ill. 1997) (reviewing factors used to determine whether state entity was "alter ego" of the state itself).

As the party seeking to invoke this court's jurisdiction, plaintiff has the burden of establishing diversity. *See TIG Ins. Co. v. Reliable Research Co.*, 334 F. 3d 630, 633 (7th Cir. 2003) (plaintiff has burden of showing diversity jurisdiction). Furthermore, this court has an independent duty to ensure that subject-matter jurisdiction exists. *See Indiana Gas Co. v. Home Ins. Co.*, 141 F. 3d 314, 316 (7th Cir. 1998). The possible absence of subject-matter jurisdiction is an issue that the court should raise on its own motion, at any time. *Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005); *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

Accordingly, plaintiff is **ORDERED** to submit, by December 7, 2008, a filing establishing which states *all* of the defendants in this case were citizens of on the date plaintiff filed its complaint. Should plaintiff require discovery to ascertain this information, *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) (discovery is available "where issues arise as to jurisdiction or venue"), it should file the appropriate motion.

**SO ORDERED.**

**DATED:** November 7, 2008

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT